IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DAVID RUIZ SINGH, | ) |
| | ) CIVIL NO. 4:08-cv-00246 |
| Petitioner, | ) |
| | ) |
| vs. | ) MOTION TO DISMISS |
| | ) AND FOR A MORE |
| UNITED STATES OF AMERICA, | ) DEFINITE STATEMENT |
| | ) |
| Respondent. | ) |

COMES NOW the United States of America, through counsel, and moves that Petitioner's second amended motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and Rule Governing § 2255 Proceedings 12 for failing to state a claim upon which any relief can be granted and, in the alternative, that Petitioner be required to provide a more definite statement concerning his claims, and in support thereof states:

1. The claims raised in paragraph twelve (¶ 12), Ground Three of Petitioner's second amended 28 U.S.C. § 2255 motion, which concern the questioning of witness by the prosecutor, are barred by the statute of limitations in 28 U.S.C. § 2255(f) because they were raised more than one year after the Supreme Court denied Petitioner's petition for a writ of certiorari from his direct appeal on October 29, 2007, *Singh v. United States*, ___ U.S. ___, 128 S.Ct. 528 (2007), and do not factually relate back to the claims made in Petitioner's initial *pro se* motion. The United States refers the Court to its memorandum in support of its motion to dismiss the first amended § 2255 motion herein for a general discussion of the application of the statute of limitations in this case. Petitioner claims that the limitation period should be deemed as having been tolled due to the circumstances of this case. Those circumstances are essentially identical to those presented in

*United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir.) (rehearing and rehearing *en banc* denied), *cert. denied*, ___ U.S. ___, 126 S.Ct.2341(2006), which affirmed the dismissal of a § 2255 motion as untimely.

  2.  The claim in paragraph twelve (¶ 12) Ground One, that he could not have been a party to the conspiracy commencing "by or on and about March,1998".as charged in the Superceding Indictments because he "had been confined between June 1997 and late 2003" is belied by the record.  The record indicates that Petitioner was taken into custody in June, 1997, but placed on probation.  That probation was revoked and he was sentenced to a term of three years in prison on August 26, 1998, and was admitted to prison on September 11, 1998.  He was paroled on November 11, 1999 until December 11, 2000. He was re-paroled on January 5, 2001 until August 17, 2001, when he was returned to custody.  He was re-paroled on August 20, 2002, and discharged November 19, 2003. [Presentence Report, ¶¶ 42 and 59-62, pp. 14-15 and 20-21].  Also, there was trial testimony tying Petitioner to the conspiracy during this period of alleged confinement. [Trial Transcript, pp. 259 and 266].

  In any event, even if there were evidence that Petitioner was confined during the entirety of time alleged, Petitioner would not have stated a claim for relief under § 2255.  Being in prison may impair criminal activity, but it does not preclude it.  Petitioner has essentially pled a claim that there was insufficient evidence to support his conviction.  A claim of insufficient evidence does not state a claim for relief cognizable under § 2255.  It is a long and firmly established rule that the sufficiency of the evidence is not a constitutional issue which can be adjudicated under § 2255. *United States v. Gaus*, 751 F.2d 1506, 1507 (8th Cir. 1985); *Ray v. United States*, 588 F.2d 601, 603 n.4 (8th Cir. 1978); *United States v. Johnson*, 582 F.2d 1186, 1188 (8th Cir. 1978); *United States*

*v. Norton*, 539 F.2d 1194, 1195 (8th Cir. 1976); *Houser v. United States*, 508 F.2d 509, 516 (8th Cir. 1974); *Weaver v. United States*, 418 F.2d 475, 476 (8th Cir. 1969); *Cardarella v. United States*, 351 F.2d 443, 447 (8th Cir. 1965).

However, Petitioner makes a substantially different claim in the brief filed in support of his second amended § 2255 motion. There Petitioner contends that the United States produced false evidence to the grand jury and filed a complaint based upon false statements of fact in order to justify joining Petitioner as a member of the conspiracy. This claim wholly ignores the fact that he would have been properly joined as a defendant based upon his conduct after his discharge from parole in 2003. However, such allegations of impropriety deserve some response. Unfortunately, Petitioner fails to specify the allegedly false grand jury testimony or false allegations of fact supporting the complaint, making any precise response impossible. Petitioner states that this allegation is premised upon his being confined *in communicado* between June, 1997 and late 2003. As is noted above, such a premise is not supported by the record. If a defendant intends to impugn the reputation of federal prosecutors and officers of the law, he or she ought to be required to present more than a misstatement of the record and otherwise conclusory and speculative allegations.

    3.  The claim in paragraph twelve (¶ 12) Ground Two of the second amended § 2255 motion is that Petitioner received ineffective representation from trial counsel because counsel failed to pursue a severance of his trial from that of his brother because of his alleged inability to engage in any criminal activity supportive of a conspiracy between June, 1997, and late 2003 because of the constraint on his liberty imposed by his incarceration in the California prison system.  Trial errors made by defense counsel can rise to the level of constitutional error subject to the cause and prejudice standard under § 2255. In essence, counsel must have failed to perform the constitutional

function of defense counsel, and that failure must have resulted in actual prejudice to the defense.

*Strickland v. Washington*, 466 U.S. 668 (1984).  In *Roe v. Flores-Ortega*, 528 U.S. 470, 476-477 (2000), the court noted:

> In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance, *id.,* at 687, 104 S.Ct. 2052, and announced a now-familiar test: A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," *id.*, at 688, 104 S.Ct. 2052, and (2) that counsel's deficient performance prejudiced the defendant. *id.* at 694, 104 S.Ct. 2052. . . .
>
> As we have previously noted, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel." *Id.,* at 688-689, 104 S.Ct 2052. Rather, courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *id.,* at 690, 104 S.Ct. 2052, and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*, at 689, 104 S.Ct. 2052.

In *Apfel*, 97 F.3d at 1076 (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)), the court noted:

> A claim of ineffective assistance of counsel [under § 2255] must be scrutinized under the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under *Strickland*, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case.  The first part of the test is met when the defendant shows that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances."  The second part is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different."

In the context of alleged ineffectiveness at sentencing, this means that relief under § 2255 is forthcoming only when counsel's actions did not meet minimal professional standards and that

counsel's actions resulted in a more severe sentence than would have been otherwise imposed. *Lindsey v. United States*, 310 F.3d 606, 607-608 (8th Cir. 2002). Thus, for example, if the petitioner is contending that counsel was ineffective for failing to call a witness or to present evidence, it is incumbent upon him to identify the witness or exhibit, show that the witness or exhibit was available, show that the testimony or exhibit was admissible, and that had it been admitted at the proper time, the result of the case would have been less severe to the petitioner. *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001); *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).

The suggested motion to sever would have foundered on two grounds. First, as is noted above, Petitioner was not incarcerated during much of the relevant the period. Trial counsel was not ineffective for failing to make such a claim. Second, even if Petitioner had been held in isolation during the entirety of the period claimed, there was ample evidence of his subsequent involvement in the conspiracy. The trials of the Singh brothers were properly joined, and there was no prejudice to the defense from trial counsel's alleged failure to properly pursue a severance. Also, Petitioner does not explain how a separate trial would have led to a different result.

4. The regimen of notice pleading applicable to civil actions under the Federal Rules of Civil Procedure does not apply in proceedings under § 2255. Under Rule Governing § 2255 Proceedings 2(b), a § 2255 motion must contain the following: (1) a specification of every ground upon which relief is sought; (2) a statement of the facts supporting each asserted ground for relief; and (3) the specific relief requested. The rule also contains requirements for the form and execution of a § 2255 motion. Accordingly, it is not sufficient for a § 2255 petitioner to make a general allegation of error and prejudice. Rather, the petitioner must state with specificity the legal and

factual basis of any claim for relief, and specify the relief sought. As is noted above, in his brief, Petitioner makes allegations that prosecutors knowingly presented false testimony to the grand jury and that the criminal complaint was based upon false statements of fact, but he does not specify what testimony or factual statements are the basis of these claims.  It is not possible to properly respond to such conclusory allegations.  If the Court does not deny the claim for relief in paragraph twelve (¶ 12) Ground One premised upon tese allegations of misconduct for failing to state a claim upon which any relief can be granted, it should direct Petitioner to provide a more definite statement identifying the specific testimony or factual statements he alleges were false and specifying the facts upon which he alleges that the prosecutor knew they were false.

WHEREFORE the United States of America prays that the Court dismiss the claims in Petitioner's second amended motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 pursuant to Fed.R.Civ.P. 12(b)(6) and Rule Governing § 2255 Proceedings 12, and, ni the alternative, if Petitioner's claims based upon allegations of false grand jury testimony or false statements in support of the criminal complaint are not so summarily dismissed, Petitioner be directed to provide a more definite statement identifying the specific testimony or factual statements he alleges were false and specifying the facts upon which he alleges that the prosecutor knew they were false.

        Respectfully Submitted,

        Matthew G. Whitaker
        United States Attorney

By: */s/ Gary L. Hayward*
    Gary L. Hayward
    Assistant United States Attorney
    U.S. Courthouse Annex, 2nd Floor
    110 E. Court Avenue
    Des Moines, Iowa 50309
    Tel:  (515) 473-9358
    Fax: (515) 473-9282
    Email: gary.hayward@usdoj.gov

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 26, 2008, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

Patrick W. O'Bryan

        */s/ Gary L. Hayward*
        Gary L. Hayward
        Assistant U.S. Attorney